UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
SEP 12 2016


| | |
|---|---|
| FERNANDO BUENDIA REYES,<br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | 1:16-CV-01030-CBK<br><br><br><br>ORDER |

Petitioner pleaded guilty to robbery and use of a firearm during a crime of violence. He was sentenced on February 22, 2010, to 85 months custody on the robbery count and 84 months custody on the firearms count, to be served consecutively.

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He contends that he is entitled to relief under Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), wherein the United States Supreme Court struck down as unconstitutionally vague the so-called residual clause of the Armed Career Criminal Act , 18 U.S.C. § 924(e)(2)(B)(ii). Johnson was made retroactive to cases on collateral review by the Supreme Court in Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### DECISION

#### I. The Residual Clause of the Armed Career Criminal Act.

Chapter 44 of Title 18 of the United States Code sets forth the laws as to the manufacture, import, sale, and possession of firearms. Section 922(g) prohibits any person who has been convicted of a felony, is a fugitive from justice, is an unlawful user of or addicted to any controlled substance, has been adjudicated as having mental defects or has been committed to a mental institution, is an illegal alien, has been dishonorably discharged from the armed forces, has renounced United States citizenship, is subject to a restraining order, or has been convicted

of a crime of domestic violence from shipping, transporting, possessing, or receiving any firearm or ammunition. 18 U.S.C. § 924(g)(1)-(9).

The maximum custodial penalty for a violation of § 922(g) is ten years. 18 U.S.C. § 924(a)(2). An enhanced mandatory minimum penalty of 15 years custody applies if a prohibited person "has three previous convictions by any court referred to in section 922(g)(1) of this title **for a violent felony or a serious drug offense, or both**, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis supplied). That mandatory minimum penalty was enacted as part of The Armed Career Criminal Act of 1984 ("ACCA"), as amended.

The term "violent felony" is defined as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

18 U.S.C.A. § 924(e)(2)(B) (emphasis supplied).

Section 924(e)(2)(B)(i) is known as the elements clause. Section 924(e)(2)(B)(ii) is known as the enumerated offenses clause. The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the residual clause. Johnson v. United States, ___ U.S. at ___, 135 S.Ct. at 2556. The United States Supreme Court held in Johnson that the residual clause of ACCA is unconstitutionally vague. Johnson v. United States, ___ U.S. at ___, 135 S.Ct. at 2557-60. The Johnson "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson v. United States, ___ U.S. at ___, 135 S.Ct. at 2563. The Supreme Court has held that Johnson is to be applied retroactively to cases under collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). However, only defendants who were subject to ACCA's mandatory minimum sentence because at least one of their prior convictions was for a violent felony as defined by the residual clause are entitled to collateral relief.

## II. Petitioner Fernando Buendia Reyes' case.

Petitioner was convicted of bank robbery in violation of 18 U.S.C. § 2113 and use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). Petitioner's crime of conviction was not for an 18 U.S.C. § 922(g) offense and he was not subject to the mandatory minimum 15 year sentence provision of ACCA. The rule announced in Johnson v. United States (striking the residual clause of ACCA) does not afford petitioner any relief.

Petitioner contends that his conviction for use of a firearm in connection with a crime of violence necessarily required a finding that bank robbery is a crime of violence under what he describes as the residual clause of 18 U.S.C. § 924(c)(3). Section 924(c) provides an additional mandatory penalty for those who use or carry a firearm in furtherance of committing a crime of violence. A crime of violence is defined as, *inter alia*, a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." That definition is substantially similar to the definition of crime of violence set forth in 18 U.S.C. § 16(b). Petitioner cites a number of appellate and district court cases which held that Johnson invalidates the residual clause of § 16.

As set forth previously, Johnson does not provide a basis for relief under § 2255 until the United States Supreme Court says it does. Johnson has not been held to be applicable to the provisions of § 924(c). Further, the residual clause of § 924(c)(3) applies to crimes that involve a "substantial risk that physical force" may be used. In contrast, the residual clause of ACCA that has been struck down applies to crimes that involve conduct that presents a "serious potential risk of physical injury to another." The provisions are not so similar that, absent direction from the United States Supreme Court or the United States Court of Appeals for the Eighth Circuit, this court is required to afford relief under the teaching of Johnson.

Regardless of whether Johnson is found to apply to the residual clause of § 924(c) and to be retroactive as to such cases, that case clearly does not apply to a case like this where a defendant pled guilty to both the bank robbery case and the use of a firearm to make the bank robbery a success. He was sentenced pursuant to both crimes as committed at the same time.

### ORDER

Now, therefore,

IT IS ORDERED that the motion to vacate, set aside, or correct sentence is denied.

3

TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

Petitioner was convicted of bank robbery and use of a firearm in connection with a crime of violence. He was sentenced to consecutive terms of 85 months and 84 months custody. He did not appeal. Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 contending that he is entitled to relief under Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). I summarily denied the motion to vacate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. Any application for a certificate of appealability is denied. This in no way hampers the petitioner's ability to request issuance of the certificate by a United States Circuit Judge pursuant to Fed. R. App. P. 22.

DATED this 9th day of September, 2016.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

4